UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE,
(J.T)

        Plaintiff,

v.                                            Case No: 6:25-cv-1629-PGB-DCI

COLONIAL HOSPITALITY, et. al,

        Defendants.
_____/

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion for Leave to Proceed Pseudonymously (Doc. 19)** |
| **FILED:** | **August 29, 2025** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

Jane Doe (Plaintiff) initiated this case against Defendants under the Trafficking Victims Protection Reauthorization Act. Doc. 1. Plaintiff has recently filed returns of service. Docs. 17, 18. No Defendant has made an appearance in this case. Plaintiff now moves to proceed pseudonymously because the disclosure of Plaintiff's identity will allegedly violate her right to privacy. Doc. 19 (the Motion). Plaintiff specifies that she requests leave to proceed anonymously in only the pretrial proceedings at this stage of the litigation. *Id*. at 8.

The Court finds that the Motion is due to be granted preliminarily, but the Court may revisit the matter if Defendants appear and request reconsideration or if the Court otherwise determines

that revisitation is necessary. *See John Doe I, et. al. v. Sabeti*, Case. No. 6:25-cv-219-GAP-DCI (M.D. Fla. Feb. 14, 2025) (granting a motion for leave to proceed by pseudonym "subject to reconsideration upon appearance by the [d]efendant.") (citing *Plaintiff b. v. Francis*, 631 F.3d 1310, 1314, 1315-19 (11th Cir. 2011) (reversing and remanding a district court's denial of a motion to proceed anonymously but finding no error in the court's procedure of preliminarily granting the motion before revisiting the issue prior to trial)).

> The Eleventh Circuit has summarized the relevant legal standard as follows:
>
> Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." [*Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)]. A party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).
>
> Whether a party's right to privacy outweighs the presumption of openness is a "totality-of-the-circumstances question." *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. July 16, 2020). We have said that the "first step" is to consider whether the party seeking anonymity "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* at 1247. Along with these factors, a court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Francis*, 631 F.3d at 1316). For example, we have also considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Francis*, 631 F.3d at 1316 (citations omitted).

*Doe v. Neverson*, 820 F. App'x 984, 986–987 (11th Cir. 2020).

Here, Plaintiff has demonstrated that anonymity is appropriate based on the alleged circumstances of this case. While Plaintiff is not challenging government activity,[1] it is clear from the Complaint that Plaintiff will be required to disclose information of the utmost intimacy. Plaintiff claims that Defendants knew or should have known that sex trafficking, and other criminal activity, was occurring and would continue to occur on their premises. Doc. 1 at 2. Defendants, in the hospitality industry, allegedly "chose to engage in and profit from the open and obvious presence of sex trafficking on their property, enjoying the profit from rooms rented for this explicit and apparent purpose." *Id*. at 3. Plaintiff alleges that "the Defendant hotels and motels, through their owners, operators, and/or employees, knew or should have known that Plaintiff's trafficker(s) were using their property to harbor, provide, maintain, advertise, and facilitate the sex trafficking of Plaintiff, yet instead of rectifying these foreseeable risks, they continued to benefit from the sex trafficking that was occurring on their premises." *Id*. at 4.

Further, Plaintiff claims that her former trafficker(s) were extremely violent and used physical abuse and threats of abuse to force Plaintiff's compliance. Doc. 1 at 5. Plaintiff further alleges that the traffickers used "physical violence and beatings, debt bondage, threats, isolation, financial control by taking all money from each commercial sex act and controlling all her money, constant surveillance, and withhold drugs as punishment to cause Plaintiff to endure severe withdrawals." *Id*. at 21. Plaintiff claims that she was "forced and/or coerced to engage in commercial sex acts with multiple different men per day at a continuous and ongoing interval." *Id*. Plaintiff seeks to proceed under a pseudonym because of the personal nature of her

---

[1] Further, in the Motion, Plaintiff does not make a claim that she would be compelled to admit an intent to engage in illegal conduct and thus risk criminal prosecution. *See* Doc. 19. Plaintiff alleges in the Complaint that she "was found to be a victim of human trafficking by a Florida Court when she was granted a human trafficking expungement." Doc. 1 at 5.

victimization and "the serious risk of harm to which she would be exposed by her former trafficker(s) and their criminal associates if she brought this suit in her actual name." *Id*. at 5.

Based on the foregoing, Plaintiff will clearly need to disclose her experience as an alleged sex trafficking victim which includes extremely personal and sensitive details of forced sexual service. As such, the Court finds that to deny the requested relief would require Plaintiff to reveal sensitive and personal information of the utmost intimacy. *See A.D. Cavalier Mergersub LP*, 2022 WL, at *4354842, at *2 (M.D. Fla. Sept. 20, 2022) (finding that the second factor weighed in favor of anonymity where a plaintiff contended that she sustained injuries from rape, sexual assault, physical violence, and torture and disclose private information about the events that transpired when she was trafficked).

Further, as to the threat of unfairness to Defendants, Plaintiff contends that she will reveal her identity to Defendants. Doc. 19 at 9. While the public would be barred from access, Plaintiff states that she will give Defendants her full name and identifying information subject to a protective order. *Id*. at 10. The Court finds that Plaintiff's concession weighs against a finding that her anonymity is fundamentally unfair to Defendants.

Finally, the Court finds that the public's interest in open judicial proceedings does not outweigh Plaintiff's right to privacy under the circumstance of this case. Any hearings in this case will remain open to the public and other information will remain accessible on the public docket absent a court order.

Based on the totality of the circumstances, the Court finds that Plaintiff is entitled to relief at this juncture.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 19) is **GRANTED**, such that Plaintiff is permitted to proceed pseudonymously at the pretrial proceedings subject to reconsideration upon a Defendant's motion or if the Court otherwise determines that revisitation is necessary; and

2. if a Defendant objects to Plaintiff proceeding by pseudonym, the Defendant shall file a request for reconsideration[2] of this Order **within 30 days of the Defendant's first appearance in this case**.

**ORDERED** in Orlando, Florida on September 5, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[2] To be clear, Defendants will not be held to the onerous standard of a typical motion for reconsideration of an order but need only file a motion challenging Plaintiff proceeding pseudonymously in the first instance.